UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTHONY DOBSON,

                             Plaintiff,

      -against-

CITY OF NEW YORK, POLICE OFFICERS ALICE T.
MURPHY, TAX REG # 921617 AND ZACARESE and
UNIDENTIFIED NEW YORK CITY POLICE
OFFICERS, EMPLOYEES AND AGENTS,

                             Defendants.

------------------------------------------------------------------------ x

**SCHEDULING ORDER**

07 CV 9284 (BSJ)(GWG)

    WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on May 5, 2008 (the "Order); and

    WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

    NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

    (1) the date of the conference and the appearances for the parties;

- Date: May 27, 2008 at 2:15 p.m.
- Appearances:
  Darmin Bachu, Esq., Bachu & Associates, Attorney for plaintiff Anthony Dobson

  Assistant Corporation Counsel Bradford C. Patrick, Attorney for defendants City of New York and Police Officer Alice T. Murphy.

    (2) a concise statement of the issues as they then appear;

- Plaintiff alleges that, while involved in a traffic stop, he was illegally searched, falsely arrested, and maliciously prosecuted by police officers and as a result, his civil rights were violated.

    (3) a proposed schedule including:

    (a) the deadline by which the parties may move to amend the pleadings or join any other parties;

- July 11, 2008

(b) dates for documents requests, initial interrogatories and responses thereto;

- July 11, 2008 for requests
- 30 days from receipt to respond

    (c) the names of non-expert witnesses expected at this time to be deposed and either specific dates or a timetable for when depositions will take place;

- Non-expert witnesses to be subpoenaed by September 29, 2008

    (d) a date by which all ~~non-expert~~ discovery shall be completed

- October 29, 2008

    (e) dates by which the disclosures of the identities and reports of experts required by Rule 26(a)(2) will be made;

- November 21, 2008

(f) the dates by which depositions of experts shall be completed;

- December 21, 2008

    (g) the date by which pretrial motions, if any, will be filed; or if no such motions are contemplated, the date by which plaintiff(s) will supply pretrial order materials to defendants; and the date by which the parties will submit a joint pretrial order in accordance with procedures of the judge before whom the trial will be conducted;[1]

- ~~February 4, 2009~~ November 28, 2008

    (4) a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

- None at this time

    (5) a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

---

[1] The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions.

- None at this time

(6)  anticipated fields of expert testimony, if any;

- None at this time

(7)  anticipated length of trial and whether to court or jury

- Jury trial - 2-3 days.

(8)  (a) an approximate date or stage of the case when the parties believe it would be most helpful to begin settlement discussions and (b) whether the parties would like to discuss settlement at such time under the supervision of a private mediator, a mediator from the SDNY Mediation Program, or the undersigned;

- (a) the parties would find settlement discussions most helpful prior to beginning depositions
- (b) the parties would like to discuss settlement at such time under the supervision of the Court

(9)  All discovery (including requests for admission and any application to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefore not foreseeable as of the date of this Order. "Good cause" as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

  (10) names, addresses, phone numbers and signatures of counsel;

| | |
|---|---|
| DARMIN BACHU, ESQ.<br>Bachu & Associates<br>Attorney for Plaintiff<br>127-21 Liberty Ave.<br>Richmond Hill, NY 11419<br>(718) 843-6464 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br> City of New York<br>Attorney for Defendants City of New York<br>and Police Officer Alice Martin<br>100 Church Street, Room 3-187<br>New York, New York 10007<br>(212) 788-1575 |
| By: _____<br>  Darmin Bachu, Esq. | By: _____<br>  Bradford C. Patrick<br>  Assistant Corporation Counsel |

SO ORDERED:

_____
GABRIEL W. GORENSTEIN
U.S.M.J.

5/27/2008