```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
ANTHONY DOBSON and MAURICE GILLARD,           AMENDED COMPLAINT

                Plaintiffs,                   07-CV-9284(BSJ)

        -against-

CITY OF NEW YORK, POLICE OFFICERS ALICE T.
MURPHY, TAX REG # 921617 AND ZACARESE
and UNIDENTIFIED NEW YORK CITY POLICE
OFFICERS, EMPLOYEES AND AGENTS,

                Defendants,                   JURY TRIAL DEMANDED
-----------------------------------------X
```

The plaintiffs, complaining of the defendants, by their attorney, DARMIN BACHU, ESQ., respectfully shows to this Court and alleges:

**JURISDICTION**

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity

secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4. That an award of attorneys' fees is appropriate under 42 U.S.C. § 1988.

5. That venue is proper pursuant to 28 USC § 1391(b)(1 and 2).

6. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

**PARTIES**

7. That the plaintiffs, Black males, are residents of the United States and of the County of Queens, City and State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK (NYC), its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof, and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondeat superior and under state municipal law as at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

9. Upon information and belief, that at all times hereinafter mentioned, defendants POLICE OFFICERS ALICE T. MURPHY, TAX REG # 921617 AND ZACARESE and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS,

EMPLOYEES AND AGENTS were employed by the defendant, CITY OF NEW YORK, as police officers.

10. The NEW YORK CITY POLICE DEPARTMENT, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the defendant, NYC is responsible for the policies, practices and customs of the New York City Police Department as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

11. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983 and the rights under the Constitution and laws of the State of New York.

12. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State and City of New York, and under the authority of their office as police officers of said state, county and city.

**STATEMENT OF FACTS**

13. On October 18, 2005 at about 9:00 PM, plaintiffs were inside a vehicle that was stopped by the defendants, specifically three unidentified male police officers, on Baisley Boulevard near

Long Street in Queens, New York. The defendants ordered the plaintiffs out of the vehicle, unlawfully searched the plaintiffs and unlawfully handcuffed the plaintiffs. The defendants then took the plaintiffs to Baisley Park, Queens, New York and unlawfully interrogated the plaintiffs and in sum and substance told the plaintiff DOBSON that if he did not provide the defendants with information on drugs or guns then he would be arrested and prosecuted on whatever charges that the defendants decided to place upon plaintiff. When the plaintiffs were unable to provide information about drugs or guns, the defendants then took the plaintiffs to the police precinct. The defendants fabricated charges that the plaintiff DOBSON had a bag of cocaine in his waistband and that the plaintiff GILLARD had no license. The defendants unlawfully imprisoned and maliciously prosecuted the plaintiff DOBSON for the charges of criminal possession of a controlled substance in the third degree, subsections (1) and (2). The defendants imprisoned and maliciously prosecuted the plaintiff GILLARD for the charges of driving without a license. Defendant Murphy falsely told the prosecutor that she stopped and searched the plaintiff. She also falsely swore in the grand jury and at the suppression hearing that she stopped plaintiff, searched the plaintiff and recovered cocaine from the plaintiff. Defendant Murphy claims that defendant Zacarese was her partner for the stop, search and arrest of the plaintiff.

  14. At the suppression hearing on June 19, 2006, the court ruled that based upon defendant Murphy's version of the events that the search and seizure of cocaine from the plaintiff DOBSON was an illegal search and that the evidence would be suppressed. The

prosecution's appeals to the Appellate Division and the Court of Claims were denied and the charges were dismissed against the plaintiff.  As a result of these false charges the plaintiff was violated on parole and held in jail until August 2006.  The charges against the plaintiff GILLARD were dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS

15.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

16.   That the plaintiffs' rights have been violated under the Fourth and Fourteenth amendments of the United States Constitution pursuant to 42 U.S.C. § 1983.  Plaintiffs were unlawfully seized, detained, arrested, imprisoned, searched, interrogated and had their rights to privacy violated and were maliciously prosecuted.

17.   As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiffs' rights: to be secure in their persons, papers, and effects against unreasonable searches and seizures; not to be deprived of life, liberty, and property without due process of law; to be informed of the nature and cause of the accusation against them as secured to them under the Fourteenth Amendment of the Constitution of the United States; right not to be forced to appear in court without probable cause; and the right to the equal

protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

   18.   That the said arrests, imprisonments and prosecutions were caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

   19.   That the defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiffs even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore were alleged wrongfully, unlawfully and without sufficient charges having been made against the plaintiffs, directed that the plaintiffs be searched and placed in confinement at said location.

   20.   That the defendant individual police officers conspired together to violate plaintiffs' rights in that the individual officers acted in concert to unlawfully violate plaintiffs' rights. Said conspiracy included the overt acts of falsely detaining, arresting, imprisoning and prosecuting the plaintiffs.

   21.   That the plaintiffs were innocent of criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and was forced by the defendants to submit to the arrest and imprisonment entirely against their will.

22. That the defendants, their agents, servants and employees intended to confine the plaintiffs; in that the plaintiffs were conscious of the confinements; plaintiffs did not consent to the confinements; and, that the confinements were not otherwise privileged.

23. That by reason of the unlawful conspiracy, false arrests, imprisonments and detentions of the plaintiffs, and other violations of plaintiffs' rights, plaintiffs were injured in their credit and circumstances and were then and there prevented and hindered from performing and transacting their necessary affairs and business and they were caused to suffer emotionally and financially.

24. That by reason of the aforesaid, the plaintiff DOBSON has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS and the plaintiff GILLARD has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000) DOLLARS and they are entitled to an award of punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS**

25. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

26. Defendants NYC and UNIDENTIFIED POLICE OFFICERS, who were supervisors as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiffs' constitutional rights under 42 U.S.C. § 1983, failed to adequately

discipline, train or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above mentioned conduct.

27.  The defendants have unconstitutional policies, including but not limited to arrest on less than probable cause and/or not investigating an incident.

28.  That the defendant police officers, each of them, separately and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of NYC and the defendants here, separately and in concert, engaged in the illegal conduct above mentioned to the injury of the plaintiff and deprived plaintiff of his rights under the Constitution of the United States and the laws of the United States.

29.  That by reason of the aforesaid, the plaintiff DOBSON has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS and the plaintiff GILLARD has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000) DOLLARS.

WHEREFORE, plaintiff DOBSON demands judgment against the defendants in the sum of TWO MILLION ($2,000,000.00) DOLLARS and the plaintiff GILLARD demands judgment against the defendants in the sum of TWO HUNDRED THOUSAND ($200,000) DOLLARS and they are entitled to an award of punitive damages on the First Cause Of Action; the plaintiff DOBSON demands judgment against the defendants in the sum of TWO MILLION ($2,000,000.00) DOLLARS and the plaintiff GILLARD demands judgment against the defendants in the sum of TWO HUNDRED

THOUSAND ($200,000) DOLLARS on the Second Cause of Action; and reasonable attorneys' fees; together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances

Dated:   November 8, 2007
         Queens, New York

_____
DARMIN BACHU, ESQ.(DB-5392)
Bachu & Associates
Attorney for Plaintiff
127-21 Liberty Avenue
Richmond Hill, NY 11419
718-843-6464